# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBY J. EARL,<br><br>        Plaintiff,<br><br>v.<br><br>FRESNO UNIFIED SCHOOL DISTRICT,<br><br>        Defendant. | 1:11-cv-01568 LJO GSA<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S COMPLAINT**<br><br>(Document 2) |

## INTRODUCTION

Plaintiff Ruby J. Earl ("Plaintiff") filed a complaint in this Court on September 16, 2011, naming the Fresno Unified School District ("FUSD") as Defendant. She asserts violations of her rights pursuant to Title 42 of the United States Code section 2000d, a violation of the Americans with Disabilities Rights Act, and a state law claim pursuant to the California Education Code. (Doc. 2.) Generally speaking, Plaintiff's complaint alleges racially discriminatory attitudes and conduct by school officials that have purportedly prevented her from equal access to sports officiating contracts over a period of time. (*See* Doc. 2 at 4-6.)

//

//

1

# DISCUSSION

## A. *Screening Standard*

"Notwithstanding any filing fee, or any portion thereof, that may have been paid," the Court shall dismiss a case at any time if it determines that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). *See also Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *Wong v. Bell*, 642 F.2d 359, 361-62 (9th Cir. 1981).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. *Id*. at 1949.

If the Court determines that the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the Plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile. *Lopez*, at 1128.

A claim is frivolous if it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A frivolous claim is based on an inarguable legal conclusion or a fanciful factual allegation. *Id.* A federal court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless. *Id.*

The Court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

A pleading may not simply allege a wrong has been committed and demand relief. The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957); *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997).

**B.**     *Jurisdiction*

In the Complaint, Plaintiff contends jurisdiction arises under Title 28 of the United States Code sections 1331 and 1343, and also under section 1346 "because the United States of America is a party." (Doc. 2 at 2-3.)

Jurisdiction is proper pursuant to sections 1331 and 1343 of Title 28 of the United States Code because Plaintiff has asserted claims arising under the Constitution and laws of the United States. However, the United States is not a party to this action. Therefore, jurisdiction does not arise under that provision.

**C.**     *Plaintiff's Federal Claims*

Initially, this Court notes that while the "Nature of the Case" section of Plaintiff's Complaint references sections 1981, 1983, 1985 and 1986 of Title 42 of the United States Code, she fails to assert separate violations in the causes of action commencing at page six of her complaint. Nevertheless, because amendment would be futile, and pro se complaints are to be liberally construed, this Court will address the purported violations here.

   **1.**     *Section 1981 of Title 42 of the United States Code*

Title 42 of the United States Code section 1981 provides as follows:

> **Equal rights under the law**
> (a) Statement of equal rights
> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties,

give evidence and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.
        (b) "Make and enforce contracts" defined
        For purposes of this section the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.
        (c) Protection against impairment
        The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

      **2.**     *Section 1983 of Title 42 of the United States Code*

The Civil Rights Act provides as follows:

    Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

      **3.**     *Section 1985 of Title 42 of the United States Code*

Title 42 of the United States Code section 1985(3) provides as follows:

**Depriving persons of rights or privileges**
    If two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so inured or deprived may have an action of the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

      **4.**     *Section 1986 of Title 42 of the United States Code*

Title 42 of the United States Code section 1986 states, in part:

    Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured . . . for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented . . . .

"Section 1986 authorizes a remedy against state actors who have negligently failed to prevent a conspiracy that would be actionable under [section] 1985." *Cerrato v. San Francisco Cmty. Coll. Dist.*, 26 F.3d 968, 971 n.7 (9th Cir. 1994).

### Eleventh Amendment Immunity Applies

The Eleventh Amendment of the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign State." The Eleventh Amendment prohibits federal courts from hearing suits brought against a state by its own citizens or citizens of other states. *Brooks v. Sulphur Springs Valley Elec. Coop.*, 951 F.2d 1050, 1053 (9th Cir. 1991). "[A]bsent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court." *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). "Although the exact limits of the Eleventh Amendment are difficult to determine, it is clear that the Eleventh Amendment prohibits actions for damages against state agencies when Congress has failed to express a contrary intent." *Belanger v. Madera Unified School Dist.*, 963 F.2d 248, 250 (9th Cir. 1992). In *Mitchell v. Los Angeles Community College Dist.*, 861 F.2d 198, 201 (9th Cir. 1988), the Ninth Circuit set out a five-factor test to determine whether an agency is a state agency for Eleventh Amendment purposes and has repeatedly held that, because of the funding relationship that exists between California schools and the State of California, public school districts and their subdivisions are, in fact, state agencies for Eleventh Amendment purposes. *See, e.g., id.*; *Belanger*, 963 F.2d at 254-255; *Jackson v. Hayakawa*, 682 F.2d 1344, 1350-1351 (9th Cir. 1982) ("trustees are an arm of the state that can claim Eleventh Amendment immunity").

Further, the United States Supreme Court has held that Title 42 of the United States Code section 1983 "was not intended to abrogate a State's Eleventh Amendment immunity." *Kentucky v. Graham*, 473 U.S. at 169, n.17. Although it could in theory abrogate its own Eleventh Amendment immunity for purposes of such suits, California has not done so. *See Atascadero*

*State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985) (holding California Constitution does not waive immunity from federal court jurisdiction); *Dittman v. State of California*, 191 F.3d 1020, 1025-1026 (9th Cir. 1999). The Ninth Circuit has applied Eleventh Amendment immunity in a similar manner to claims against state agencies pursuant to Title 42 of the United States Code sections 1981 and 1985. *See Mitchell v. Los Angeles Community College Dist.*, 861 F.2d at 201; *see also Cerrato v. San Francisco Community College Dist.*, 26 F.3d 968, 975 (9th Cir. 1994) (Eleventh Amendment immunity bars claimed against state agency pursuant to §§ 1985 & 1986).

FUSD is a public school district in California, and thus, it is an arm of the state, and is shielded from suit in federal court under the Eleventh Amendment, as are its board members.[1] Therefore, this Court recommends that Plaintiff's claims, to the degree her Complaint can be interpreted to properly represent such claims, pursuant to sections 1981, 1983, 1985 and 1986 of Title 42 of the United State Code, be dismissed as barred by the Eleventh Amendment.

### 5.     *Section 2000d of Title 28 of the United States Code*

Plaintiff first cause of action contends that FUSD is a recipient of certain federal funds and that FUSD has failed to provide Plaintiff with an equal opportunity to obtain sports officiating contracts due to FUSD's "unlawful sex, disability and race discrimination." (Doc. 2 at 6-11.)

Section 2000d of Title 42 of the United States Code provides as follows:

> No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subject to discrimination under any program or activity receiving Federal financial assistance.

Congress has abrogated States' sovereign immunity for "violations [of Title VI] that occur in whole or in part after October 12, 1986." 42 U.S.C. § 2000d7(b) (Supp. 1987). "The two

---

[1] Although FUSD board members are not individually named, the Complaint does reference "FUSD board members" and other persons not named as defendants.

elements for establishing a cause of action pursuant to Title VI are (1) that the entity involved is engaging in racial or national origin discrimination and (2) the entity involved is receiving federal financial assistance." *Jackson v. Conway*, 746 F.Supp. 896, 903 (E.D. Missouri 1979).

Here, Plaintiff alleges that "FUSD is a recipient of federal funds for its athletic programs for which it uses sports officiating service contacts . . .." (Doc. 2 at 7.) Next, Plaintiff asserts that FUSD "through its employees" has failed to treat Plaintiff equally, in part, as a result of her race and color. (Doc. 2 at 7.)

Construing Plaintiff's pro se complaint liberally, Plaintiff has sufficiently stated a claim against FUSD for a violation of Title VI of the 1964 Civil Rights Act.

### 6. *Americans With Disabilities Act*

Plaintiff asserts in her third cause of action a violation of the Americans with Disabilities Act of 1990. (Doc. 2 at 13-15; *see also* Doc. 2 at 2.)

The Americans with Disabilities Act ("ADA") prohibits "discrimination on the basis of disability." *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002). Section 12132 of Title 42 of the United States Code provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity."  In order to state an ADA claim, a plaintiff must allege that: (1) she is an individual with a disability, (2) she is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities, (3) she was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity, and (4) such exclusion, denial of benefits, or discrimination was by reason of her disability. *O'Guinn v. Lovelock Correctional Center*, 502 F. 3d 1056, 1060 (9th Cir. 2007).

Here, Plaintiff claims she is a disabled woman. (*See* Doc. 2 at 2, 7, 11, 13.) Second, Plaintiff claims she is qualified to benefit from FUSD in the form of its officiating services

contracts as she is accredited by the California Interscholastic Federation and operates Central California Soccer Officials Association ("CCSOA"), a business offering officiating services.[2] (Doc. 2 at 4.) Third, Plaintiff claims she was excluded from participation in or denied the benefits of FUSD's services, programs, or activities, or was otherwise discriminated against by FUSD, when it refused to award her an officiating contract and "failed to use an open, fair and legal bidding process in awarding" its sports officiating contracts. (Doc. 2 at 13-15.) Finally, Plaintiff asserts that her exclusion, denial of benefits, or discrimination by FUSD was "in whole or in part," by reason of her disability. (Doc. 2 at 15.)

Construing Plaintiff's pro se complaint liberally, Plaintiff has sufficiently stated a claim against FUSD for a violation of the ADA.

### D. *Plaintiff's Pendent State Law Claim*

Plaintiff's Complaint contends that Defendant FUSD violated California Education Code section 220. (Doc. 2 at 11-13.) It also vaguely references violations of the California Public Contract Code sections 100 through 102,[3] and the California Business and Professions Code

---

[2] In February 2010, Plaintiff received accreditation for her new sports officiating business, Fresno Valley Sports.

[3] The legislature finds and declares that placing all public contract law in one code will make the law clearer and easier to find. Further, it is the intent of the Legislature in enacting this code to achieve the following objectives:
    (a) To clarify the law with respect to competitive bidding requirements.
    (b) To ensure full compliance with competitive bidding statutes as a means of protecting the public from misuse of public funds.
    (c) To provide all qualified bidders with a fair opportunity to enter the bidding process, thereby stimulating competition in a manner conducive to sound fiscal practices.
    (d) To eliminate favoritism, fraud, and corruption in the awarding of public contracts.

Cal. Pub. Con. Code, § 100. "California public contract law should be efficient and the product of the best of modern practice and research." Cal. Pub. Con. Code, § 101. And,
    [t]o encourage competition for public contracts and to aid public officials in the efficient administration of public contracting, to the maximum extent possible, for similar work performed for similar agencies, California's public contract law should be uniform.

Cal. Pub. Con. Code, § 102.

section 17200, *et seq*.,[4] but does not specifically allege such violations. Rather, the latter two violations are merely referenced in the "Nature of the Case" introductory portion of Plaintiff's complaint. (*See* Doc. 2 at 2.) Even liberally construed, the complaint cannot be said to assert state law claims pursuant to the California Public Contract Code or the California Business and Professions Code.

### 1.   California Education Code section 220

In her second cause of action, Plaintiff asserts a violation of the California Education Code section 220 against FUSD. Plaintiff contends FUSD is a public school district subject to the statute, and that its board members have "the duty and obligation to conduct" its business. (Doc. 2 at 12.) She contends the FUSD board members "breached their duty to Plaintiff in doing the acts complained of . . . by awarding the 2010 and 2011 officiating contract to SJVOA."[5] (Doc. 2 at 13.)

California Education Code section 220 states as follows:

> No person shall be subjected to discrimination on the basis of disability, gender, nationality, race or ethnicity, religion, sexual orientation, or any other characteristic that is contained in the definition of hate crimes set forth in Section 422.55 of the Penal Code in any program or activity conducted by an educational institution that receives, or benefits from, state financial assistance or enrolls pupils who receive state student financial aid.

---

[4] California Business and Professions Code section 17200, *et seq.*, is a statutory scheme that prohibits "unlawful, unfair or fraudulent business act or practice." *Saunders v. Superior Court*, 27 Cal.App.4th 832, 838, 33 Cal.Rptr.2d 548 (1999) (prohibits "unlawful" practices "forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made"). "Unfair" means "conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise specifically threatens or harms competition." *Cel-Tech Communications v. L.A. Cellular Tel. Co.*, 20 Cal.4th 163, 187, 83 Cal.Rptr.2d 548, 973 P.2d 527 (1999). The "fraudulent" prong requires plaintiff to "show deception to some members of the public, or harm to the public interest." *Watson Laboratories, Inc. v. Thone-Poulenc Rorer, Inc.*, 178 F.Supp.2d 1099, 1121 (C.D. Cal. 2001). A complaint based on an unfair business practice may be predicated on a single act; the statute does not require a pattern of unlawful conduct. *United Farm Workers of Am., AFL-CIO v. Dutra Farms*, 83 Cal.App.4th 1146, 1163, 100 Cal.Rptr.2d 251 (2000); *Brewer v. Indymac Bank*, 609 F.Supp.2d 1104, 1122 (E.D. Cal. 2009).

[5] San Joaquin Valley Officials Association, or SJVOA, is another officiating business owned and operated by non-minority persons, and to whom FUSD purportedly awarded its sports officiating contracts.

### 2. Jurisdiction of Plaintiff's State Law Claim

As previously noted, as a public school district, FUSD is an arm of the state and is therefore shielded from suit in federal court pursuant to the Eleventh Amendment. Moreover, as the Northern District court declared:

> [B]oth the [United States] Supreme Court and the Ninth Circuit have made clear that the rationale for Eleventh Amendment immunity applies with particular force to state law claims. *See Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1326 (9th Cir. 1991) (dismissing state law claims against state defendants on Eleventh Amendment grounds and stating that "'it is difficult to think of a greater intrusion on state sovereignty than when federal courts instruct state officials on how to conform their conduct to state law'" (quoting *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984).

*O.H. v. Oakland Unified School District*, 2000 WL 33376299 (N.D. Cal. Apr. 17, 2000) at *4.

Thus, the undersigned concludes this Court lacks jurisdiction over Plaintiff's state law claim against FUSD for the same reasons discussed above regarding Plaintiff's federal claims pursuant to Sections 1981, 1983, 1985 and 1986 of Title 42 of the United States Code. The claim is barred by the Eleventh Amendment. Therefore, it is recommended Plaintiff's state law claim pursuant to California Education Code section 220 be dismissed without leave to amend as amendment would be futile.

### E. *Plaintiff's Action In State Court*

Plaintiff filed suit against the California Sports Officials Association[6] in Fresno County Superior Court, case number 09CECG4218. While the complaint filed in that action is not available on line, this Court notes that the superior court's on line docket does reveal the type of case to be a "civil rights" action. Additionally, two of the individuals or associations mentioned in Plaintiff's statement of facts in this action were named defendants in the state court action. *See* http://banweb.co.fresno.ca.us. Ultimately, the state court action was dismissed on October 27, 2010.

---

[6] Also named as defendants in Plaintiff's state action were Ron Haroldsen, Bill Long, Juan Moreno, Jerry Montes, Joe Kitchen, Chris Cogan and John M. LaPlante.

While FUSD appears not to have been a named defendant in Plaintiff's previously filed state court action, that action may ultimately be determined to be a bar to this action.

## RECOMMENDATIONS

For the reasons set forth above, the Court RECOMMENDS that the following causes of action be DISMISSED WITHOUT LEAVE TO AMEND against Defendant FUSD:

1. Plaintiff's allegations against Defendant FUSD pertaining to sections 1981, 1983, 1985 and 1986 of Title 42 of the United States Code; and

2. Plaintiff's state law claim against Defendant FUSD arising under the California Education Code.

The Court FURTHER RECOMMENDS that Plaintiff's remaining federal claims against Defendant FUSD - specifically, those arising under section 2000d of Title 28 of the United States Code (first cause of action) and the ADA (third cause of action) - may proceed as those claims are sufficiently pled for purposes of pro se screening.

Finally, these findings and recommendations are submitted to District Judge Lawrence J. O'Neill pursuant to the provisions of Title 28 of the United States Code section 636(b)(l). Plaintiff may file written objections with the Court no later than thirty (30) days from the date of these findings. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In the event Plaintiff does not object, her case will proceed only as to the two federal claims identified above.

IT IS SO ORDERED.

Dated:   **October 31, 2011**            **/s/ Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE

11