1
2
3
4
5
6
7

8              **IN THE UNITED STATES DISTRICT COURT**

9            **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11
RUBY J. EARL,                              CASE NO. 1:11-CV-01568-LJO-GSA
12
                    Plaintiff,             **ORDER ON MOTIONS TO DISMISS**
13        vs.                              (Docs. 15, 17)

14   FRESNO UNIFIED SCHOOL DISTRICT
     BOARD OF EDUCATION, et al.,
15
                    Defendants.
16
     _____/
17

18                        **INTRODUCTION**

19        Pro se plaintiff Ruby J. Earl ("Ms. Earl") alleges that Fresno Unified School District Board of

20   Education ("Fresno Unified") and Does 1 through 10 discriminated against her on account of her race

21   and disability by preventing her from obtaining a sports officiating contract.  Ms. Earl alleges claims

22   pursuant to 42 U.S.C. § 2000d and the Americans with Disabilities Act ("ADA").  Fresno Unified seeks

23   to dismiss Ms. Earl's complaint for defective service, pursuant to Fed. R. Civ. P. 4, and for failure to

24   state a claim, pursuant to Fed. R. Civ. P. 12(b)(6).  Ms. Earl opposes the motions.  For the reasons

25   discussed below, this Court DENIES Fresno Unified's motion to dismiss, pursuant to Fed. R. Civ. P.

26   4, and GRANTS WITH LEAVE TO AMEND Fresno Unified's motion to dismiss, pursuant to Fed. R.

27   Civ. P. 12(b)(6).

28   / / /

                                        1

**BACKGROUND**

**A. Facts**[1]

Ms. Earl is African American and disabled. (Doc. 2, ¶ 15). She owns and operates an accredited sports officiating business known as Central California Soccer Officials Association ("CCSOA"). (Doc. 2, ¶ 9a). In March 2008, she was approached by Fresno Unified's District Athletic Director, Doug Semmen ("Mr. Semmen"), who requested that she support Fresno Unified's effort to award the all sports officiating contract to California Sports Officials Association ("California Sports"). (Doc. 2, ¶ 9a). California Sports is led by a non-African American, and at the time of Mr. Semmen's request the company did not legally exist. (Doc. 2, ¶ 9a). Ms. Earl was bewildered by the fact that Fresno Unified would ask her to support an officiating business that did not yet exist and by the fact that Fresno Unified did not request a bid from her company. (Doc. 2, ¶ 9a). Ms. Earl reluctantly accepted Fresno Unified's request to support California Sports but only because she believed it was the only way for her to remain employed. (Doc. 2, ¶ 9a). In May 2008, Fresno Unified awarded its all sports officiating contract to California Sports. (Doc. 2, ¶ 9b). Ms. Earl worked for California Sports until January of 2009, when she was suddenly discharged without any reason or explanation. (Doc. 2, ¶ 9c).

In February 2010, Ms. Earl started a new accredited sports officiating business known as Fresno Valley Sports ("FVS"). (Doc. 2, ¶ 9e). Ms. Earl notified Fresno Unified, through Mr. Semmen, about her new business venture. (Doc. 2, ¶ 9e). In March 2010, Ms. Earl notified Fresno Unified of her availability for the all sports officiating contract and her intention to submit a bid for the 2010/2011 school year. (Doc. 2, ¶ 9f). In May 2010, Ms. Earl learned that Fresno Unified, aware of other pending discrimination lawsuits, chose not to receive bids for the 2010/2011 school year. (Doc. 2, ¶ 9g). Instead, Fresno Unified awarded the contract back to San Joaquin Valley Officials Association ("San Joaquin"), the company that controlled the contract for the sixty years prior to it being awarded to California Sports (Doc. 2, ¶ 9g).

In August 2011, Ms. Earl filed a government tort claim against Fresno Unified for continuing to violate its own anti-discrimination policy by not allowing an open, fair, and equal bidding process.

---

[1] The background facts are derived from Ms. Earl's complaint. This Court accepts the factual allegations in Ms. Earl's complaint as true for purposes of this motion. *See Lazy Y. Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

1   (Doc. 2, ¶ 9i).  The claim was denied as time barred.  (Doc. 2, ¶ 9j).

2   **B. Procedural History**

3   On September 16, 2011, Ms. Earl filed a pro se complaint with this Court in which she alleged

4   claims pursuant to 42 U.S.C. § 2000d, Cal. Educ. Code § 220, and the ADA.  (Doc. 2).  In the nature of

5   the case section of the complaint, Ms. Earl included allegations pursuant to 42 U.S.C. §§ 1981, 1983,

6   1985, and 1986.  (Doc. 2).  Ms. Earl also filed a motion to proceed in forma pauperis.  (Docs. 3).  The

7   Court granted Ms. Earl's request to proceed in forma pauperis and screened her complaint, pursuant to

8   28 U.S.C. § 1915A(a).  (Doc. 5).  During the screening process the Court dismissed with prejudice Ms.

9   Earl's 42 U.S.C. §§ 1981, 1983, 1985, and 1986 claims as well as Ms. Earl's claim under Cal. Educ.

10  Code § 220.  (Doc. 5, 6).  The Court allowed Ms. Earl's 42 U.S.C. § 2000d and ADA claims to proceed.

11  (Doc. 5, 6).

12  On April 3, 2012, Fresno Unified filed a motion to dismiss for defective service, pursuant to Fed.

13  R. Civ. P. 4 (Doc. 17), and a motion to dismiss for failure to state a claim, pursuant to Fed. R. Civ. P.

14  12(b)(6) (Doc. 15).  Ms. Earl opposed the motions (Doc. 26, 27) and Fresno Unified filed a reply (Doc.

15  29, 30).  This Court VACATES the May 10, 2012, hearing or oral argument, pursuant to Local Rule

16  230(g).  Having considered the parties' arguments and the relevant law, this Court issues this order.

17  **DISCUSSION**

18  **Motion to Dismiss pursuant to Fed. R. Civ. P. 4**

19  **A. Defective Service**

20  Fresno Unified contends that Ms. Earl's complaint should be dismissed without prejudice based

21  on her failure to serve Fresno Unified within 120 days of filing the complaint as required by Fed. R. Civ.

22  P. 4(m).  Fresno Unified also argues that the complaint should be dismissed because the copy it was

23  served did not contain a summons which is required to confer jurisdiction under Fed. R. Civ. P. 4(c)(1).

24  "In cases involving plaintiffs proceeding in forma pauperis, the United States Marshal, upon

25  order of the court, is authorized to serve the summons and the complaint."  *Walker v. Sumner*, 14 F.3d

26  1415, 1422 (9th Cir. 1994), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995); *see*

27  *also* 28 U.S.C. § 1915(c).

28

3

[A] pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and, having provided the necessary information to help effectuate service, plaintiff should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them under 28 U.S.C. § 1915(c) and [Fed. R. Civ. P. 4].

*Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990).

Although Fresno Unified was served more than 120 days after the complaint was filed and although Fresno Unified may not have been served with a summons, Ms. Earl is not responsible for these defects because as a "pro se plaintiff proceeding in forma pauperis [she] is entitled to rely on the U.S. Marshal for service of the summons and complaint." *Id*. Moreover, there is no indication that Ms. Earl failed to provide the necessary information to help facilitate service.[2] Consequently, plaintiff should not be penalized by having her action dismissed. *Id*.

This Court DENIES Fresno Unified's motion to dismiss pursuant to Fed. R. Civ. P. 4.

**Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6)**

**A. Legal Standard**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. A Fed. R. Civ. P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens,* 546 F.3d 580, 588 (9th Cir. 2008).

To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

---

[2] On December 8, 2011, Ms. Earl was ordered to submit a completed summons, USM-285 form, and a copy of the complaint. (Doc. 8). On December 21, 2011, Ms. Earl submitted the required documents (Doc. 10) and the Court ordered the U.S. Marshal to direct service (Doc. 11). Accordingly, it appears that Ms. Earl provided the information necessary to facilitate service.

4

1    *Iqbal*, 129 S. Ct. 1937, 1949 (2009).   "The plausibility standard is not akin to a 'probability

2    requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

3    (quoting *Twombly*, 550 U.S. at 556).   "Where a complaint pleads facts that are 'merely consistent with'

4    a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to

5    relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

6         "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

7    allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more

8    than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

9    *Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).   Thus, "bare assertions...amount[ing]

10   to nothing more than a 'formulaic recitation of the elements'...are not entitled to be assumed true."

11   *Iqbal*, 129 S. Ct. at 1951.   A court is "free to ignore legal conclusions, unsupported conclusions,

12   unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm

13   Credit Services v. American State Bank*, 339 F.3d 764, 767 (8th Cir. 2003) (citation omitted).

14   Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to

15   plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing

16   Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998).   In practice, "a complaint . . . must contain either

17   direct or inferential allegations respecting all the material elements necessary to sustain recovery under

18   some viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*,

19   745 F.2d 1101, 1106 (7th Cir. 1984)).   To the extent that the pleadings can be cured by the allegation

20   of additional facts, the plaintiff should be afforded leave to amend.  *Cook, Perkiss and Liehe, Inc. v.

21   Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

22        Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers."

23   *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).   Where the plaintiff is pro se, the Court has

24   an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of any doubt. *Bretz

25   v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).   However, a pro se plaintiff must still

26   allege facts sufficient to allow a reviewing court to determine that a claim has been stated.  *Ivey v. Bd.

27   of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

28        With these standards in mind, this Court turns to Fresno Unified's challenges to the allegations

1   in Ms. Earl's complaint.

2   **B. First Cause of Action**

3          Fresno Unified makes three arguments in support of its motion to dismiss Ms. Earl's 42 U.S.C.

4   § 2000d claim.

5          **1. Statute of Limitations**

6          First, Fresno Unified contends that to the extent Ms. Earl's 42 U.S.C. § 2000d claim is based on

7   events that occurred prior to September 16, 2009, the claims are time-barred by the two year statute of

8   limitations period.  This Court agrees.

9          The Ninth Circuit has held "that claims brought under 42 U.S.C. § 2000d are governed by the

10  same state limitations period applicable to claims brought under [42 U.S.C.] § 1983." *Taylor v. Regents*

11  *of Univ. of California*, 993 F.2d 710, 712 (9th Cir. 1993) (per curiam).  The limitations period applicable

12  to section 1983 claims is the state's limitations period for personal injury actions.  *Id*. at 711.  In

13  California, the statute of limitations for personal injury actions is two years.  Cal. Civ. Proc. Code §

14  335.1.  Ms. Earl filed her complaint on September 16, 2011. (Doc. 1).  Accordingly, her allegations that

15  are based on events that occurred prior to September 16, 2009 are barred by the statute of limitations.

16         **2. Failure to State a Claim under a "Respondeat Superior" Theory of Liability**

17         Next, Fresno Unified argues that Ms. Earl has failed to state a claim under 42 U.S.C. § 2000d

18  (Title VI) because Fresno Unified cannot be held liable under 42 U.S.C. § 2000d for the acts of its

19  employees.

20         "[C]ourts have consistently concluded that there is no claim for vicarious liability under Title

21  VI." *Vouchides v. Houston Comty. Coll. Sys.*, 2011 WL 4592057, at *6 (S.D. Tex Sept. 30, 2011) *citing*

22  *Griffin v. Spokane Pub. Sch. Dist. No. 81*, 2011 WL 613401, at *1 (E.D. Wash Feb. 15, 2011); *Santos*

23  *v. Peralta Comty. Coll. Dist.*, 2009 WL 3809797, at *7 (N.D. Cal. Nov. 13, 2009); *Manuel v. City of*

24  *Bangor*, 2009 WL 3398489, at *3 (D. Me. Oct. 21, 2009); *Hurd v. Del. State Univ.*, 2008 WL 4369983,

25  at *6 (D. Del. Sept. 25, 2008); *Goonewardena v. New York*, 475 F. Supp. 2d 310, 328-29 (S.D.N.Y.

26  2007); *Langadinos v. Appalachian Sch. of Law*, 2005 WL 2333460, at *10 (W.D. Va. Sept. 25, 2005).

27  As explained by the Northern District, "the Supreme Court has expressly held that an entity may not be

28  held vicariously liable for an employee's conduct pursuant to Title IX." *Santos*, 2009 WL 3809797, at

*7 *citing Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 285 (1998).  Title IX was modeled after Title VI with the only substantive difference being that Title IX prohibits sex discrimination and Title VI prohibits race discrimination.  *Gebser*, 524 U.S. at 286.  In addition, the "two statutes operate in the same manner."  *Id.*  Thus, it naturally follows that "a theory of vicarious liability is not viable under Title VI, just as such a theory is not viable under Title IX."  *Santos*, 2009 WL 3809797, at *7.

Ms. Earl alleges that Fresno Unified's athletic directors who served on the 2010 sports officiating contract selection committee and Fresno Unified's employees discriminated against her.  Because Fresno Unified cannot be held vicariously liable under Title VI for the acts of its employees, dismissal is required.

**3. Failure to Allege Sufficient Facts**

Fresno Unified contends that Ms. Earl has failed to state a claim under 42 U.S.C. § 2000d (Title VI) because she has failed to allege facts to show that Fresno Unified engaged in racial discrimination.  Fresno Unified points out that although Ms. Earl was not awarded a sports officiating contract she fails to explain how Fresno Unified discriminated against her in not awarding her a contract and fails to allege that she submitted a contract bid during the limitations period.

Title VI provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."  42 U.S.C. § 2000d.  "To state a claim for damages under 42 U.S.C. § 2000d *et seq.*, a plaintiff must allege that (1) the entity involved is engaging in racial discrimination; and (2) the entity involved is receiving federal financial assistance."  *Fobbs v. Holy Cross Health Sys. Corp*. 29 F.3d 1439, 1447 (9th Cir. 1994) (citations omitted), *overruled on other grounds by Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131 (9th Cir. 2001).

Ms. Earl alleges that she was prevented from competing for the 2010/2011 school year contract because Fresno Unified, "aware of other racial discrimination lawsuits pending" did not accept bids for the 2010/2011 school year and instead awarded the officiating services contract to its current contractor.  (Doc. 2, ¶ 9(g)).  Although Fresno Unified chose not to accept bids for the 2010/2011 school year, Ms. Earl has failed to allege facts to show that Fresno Unified did not open the bidding process in order to

7

prevent her from submitting a bid because of her race.  Ms. Earl further alleges that Fresno Unified discriminated against her on account of her race because it awarded the 2010/2011 school year contract to a non-African American contractor.  (Doc. 2, ¶ 18, 22, 24).  The mere fact that Fresno Unified awarded the contract to a non-African American, does not show that Fresno Unified engaged in racial discrimination.

For the reasons discussed above, this Court GRANTS WITH LEAVE TO AMEND Fresno Unified's motion to dismiss Ms. Earl's first cause of action.

**C. Second Cause of Action**

Fresno Unified asserts that Ms. Earl's second cause of action, in which she alleges claims under Cal. Educ. Code § 220, should be dismissed for failure to state a claim.  Because this Court dismissed Ms. Earl's second cause of action at the screening stage (Docs. 5, 6) there is no need to address this argument.

**D. Third Cause of Action**

Fresno Unified makes three arguments in support of its motion to dismiss Ms. Earl's ADA claim.

**1. Statute of Limitations**

First, Fresno Unified argues that to the extent Ms. Earl's allegations under the ADA are based on events that occurred prior to September 16, 2009, the claims are time-barred by the two year statute of limitations period.  Claims arising under the ADA are governed by the forum state's statute of limitations for personal injury actions.  *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1137 n.2 (9th Cir. 2002) (applying California's statute of limitations for personal injury actions to plaintiff's ADA claims).  In California, the statute of limitations for personal injury actions is two years.  Cal. Civ. Proc. Code § 335.1.  Ms. Earl filed her complaint on September 16, 2011.  (Doc. 1).  Accordingly, her ADA allegations that are based on events that occurred prior to September 16, 2009 are barred by the statute of limitations.

**2. Failure to Allege Employee Status**

Next, Fresno Unified contends that Ms. Earl has failed to state a claim under Title I of the ADA, 42 U.S.C. § 12112, because the ADA protects employees, not independent contractors and Ms. Earl is an independent contractor.

8

"The ADA prohibits an employer from discriminating 'against a qualified individual with a disability because of the disability.'" *Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999) (citing 42 U.S.C. § 12112(a)).[3]  The Ninth Circuit has explained that, "Title I [of the ADA] covers all aspects of the employer-employee relationship . . . it does not cover other relationships, which are addressed elsewhere in the ADA." *Fleming v. Yuma Regional Medical Center*, 587 F.3d 938, 942 (9th Cir. 2009).   Thus, Title I of the ADA "protects employees, the Act does not protect independent contractors." *Wojewski v. Rapid City Regional Hosp., Inc.*, 450 F.3d 338, 342 (8th Cir. 2006) (internal quotation marks and citations omitted).

Ms. Earl alleges that she hoped to obtain a contract for her sports officiating business.  Ms. Earl does not allege that she was employed or attempted to gain employment with Fresno Unified. Consequently, Ms. Earl has failed to state a claim under Title I of the ADA, 42 U.S.C. § 12112(a).

**3. Failure to Allege Sufficient Facts**

Fresno Unified asserts that Ms. Earl fails to state a claim under the ADA because she has failed to allege facts to show that she has a disability, is a "qualified individual," or that she was unlawfully discriminated against because of her disability.

"[U]nder the ADA, an employee bears the ultimate burden of proving that he is (1) disabled under the Act, (2) a qualified individual with a disability, and (3) discriminated against because of the disability." *Bates v. United Parcel Service, Inc.*, 511 F.3d 974, 988 (9th Cir. 2007) (en banc) (internal quotation marks omitted).  The ADA defines "disability" as a condition that fits into one or more of the following categories: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment."  42 U.S.C. § 12102(1); *see also* 28 C.F.R. § 36.104 (providing specific examples of what constitutes a "physical or mental impairment" and "major life activities" as well as a list of what is not considered a disability).  The ADA defines "qualified individual" as "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that

---

[3] 42 U.S.C. § 12112(a) provides that, "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

1   such individual . . . desires." 42 U.S.C. § 12111(8).

2        Qualification for a position is a two-step inquiry.  The court first examines
3        whether the individual satisfies the "requisite skill, experience, education and
         other job-related requirements" of the position.  The court then considers
         whether the individual "can perform the essential functions of such position"
4        with or without a reasonable accommodation.

5   *Bates*, 511 F.3d at 990 (quoting 29 C.F.R. § 1630.2(m)).

6        Ms. Earl alleges that she is disabled and that her sports officiating contract bid was "not

7   considered, not properly assessed and evaluated, and not approved" because of her disability.  (Doc. 2,

8   ¶ 15, 49).  Ms. Earl's claim is defective because she fails to state her actual disability and whether it

9   substantially limits a major life activity.  In addition, Ms. Earl fails to allege facts to show that she

10  possesses the skills and experience required by the position and that she can perform the essential

11  functions of the position with or without an accommodation.  Moreover, Ms. Earl fails to allege facts

12  to show that Fresno Unified failed to consider her sports officiating contract bid because of her disability

13  or that she even submitted a bid for the 2010/2011 school year.

14       This Court GRANTS WITH LEAVE TO AMEND Fresno Unified's motion to dismiss Ms.

15  Earl's third cause of action.

16  **E. References to 42 U.S.C. §§ 1981, 1983, 1985, and 1986**

17       Fresno Unified maintains that all references to 42 U.S.C. §§ 1981, 1983, 1985, and 1986 in the

18  complaint should be stricken because they are redundant and immaterial.  Fresno Unified further

19  contends that these claims are barred by the Eleventh Amendment.  Because this Court previously

20  determined in its screening order that these claims are barred by the Eleventh Amendment (Docs. 5, 6)

21  there is no need to address these arguments.

22                                    **CONCLUSION AND ORDER**

23       For the reasons discussed above, this Court:

24       1.     VACATES the May 10, 2012, hearing or oral argument, pursuant to Local Rule 230(g);

25       2.     DENIES Fresno Unified's motion to dismiss Ms. Earl's complaint, pursuant to Fed. R.

26               Civ. P. 4; and

27       3.     GRANTS WITH LEAVE TO AMEND Fresno Unified's motion to dismiss Ms. Earl's

28               first and third causes of action.

1    Ms. Earl shall have one opportunity to amend her complaint.  Any such amended complaint is

2    due within thirty (30) days of electronic service of this order.  This Court is beyond busy.

3    Amend only if the facts as alleged exist and the law cited herein is followed.

27   IT IS SO ORDERED.

28   **Dated:    May 7, 2012**                          **/s/ Lawrence J. O'Neill**

1                           UNITED STATES DISTRICT JUDGE
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28