IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBY J. EARL, | CASE NO. F CV 11-1568-LJO-GSA |
| Plaintiff, | **ORDER ON MOTIONS TO DISMISS FIRST AMENDED COMPLAINT** (Docs. 37, 40) |
| vs. | |
| FRESNO UNIFIED SCHOOL DISTRICT BOARD OF EDUCATION, | |
| Defendant. | |
| _____/ | |

**INTRODUCTION**

Pro se plaintiff Ruby J. Earl ("Ms. Earl") alleges that Fresno Unified School District Board of Education ("Fresno Unified") discriminated against based on her race, disability, and gender by preventing her from obtaining a sports officiating contract. In her first amended complaint ("FAC"), Ms. Earl asserts six causes of action against Fresno Unified, including claims pursuant to 42 U.S.C. § 2000d, 42 U.S.C. § 2000e-2 and the Americans with Disabilities Act ("ADA"). Fresno Unified seeks to dismiss Ms. Earl's FAC for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6), arguing, inter alia, that Ms. Earl has failed to allege sufficient facts to support each cause of action. Ms. Earl opposes the motion, arguing that this Court should construe liberally her complaint. For the reasons discussed below, this Court GRANTS Fresno Unified's motion to dismiss. Ms. Earl's federal claims are dismissed with prejudice. Her state law claim is dismissed without prejudice. She may re-file this claim in state court.

1

# BACKGROUND

**A. Facts**[1]

Ms. Earl is a female, African American and disabled person. She owns and operates an accredited sports officiating business known as Central California Soccer Officials Association ("CCSOA"). In the past, she has coached a freshman girls soccer team for Fresno Unified.

In February 2008, and knowing that Fresno Unified's "all sports" officiating services would be up for bid in May, Ms. Earl increased her contracting eligibilities to all sports, applied for an received a new CIF all sports accreditation for her new officials association Fresno Valley Sports ("FVS"). Ms. Earl notified Fresno Unified, through its Athletic Director Doug Semmen ("Mr. Semmen"), about her new business venture. In March 2010, Ms. Earl notified Fresno Unified and Mr. Semmen of her availability for the all sports officiating contract and her intention to submit a bid for the 2010/2011 school year.

In May 2010, Ms. Earl learned that Fresno Unified, aware of other pending discrimination lawsuits, chose not to receive bids for the 2010/2011 school year. Instead, Fresno Unified awarded the contract back to San Joaquin Valley Officials Association ("San Joaquin"), the company that controlled the contract for the sixty-eight of the past seventy years. San Joaquin is run by a Causasian contractor. Ms. Earl is the only female who provides sports officiating contrary services in the entire Central Valley. She is also disabled. She alleges that San Joaquin willfully and knowingly discriminates against females, disabled, and African-Americans by not promoting anyone from any of these categories to positions of assignors or supervisors. She further alleges that San Joaquin practices this discrimination with the full knowledge of Fresno Unified.

Ms. Earl alleges that Fresno Unified has a pattern and practice of discrimination because it awards all sports officiating services contract to Caucasian males only.

In August 2011, Ms. Earl filed a government tort claim against Fresno Unified for continuing to violate its own anti-discrimination policy by not allowing an open, fair, and equal bidding process. The claim was denied as time barred.

---

[1] The background facts are derived from Ms. Earl's FAC. This Court accepts the factual allegations in Ms. Earl's complaint as true for purposes of this motion. *See Lazy Y. Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

**B. Procedural History**

On September 16, 2011, Ms. Earl filed a pro se complaint with this Court in which she alleged claims pursuant to 42 U.S.C. § 2000d, Cal. Educ. Code §220, and the ADA. During the screening process, the Court dismissed with prejudice Ms. Earl's 42 U.S.C. §§ 1981, 1983, 1985, and 1986 claims as well as Ms. Earl's claim under Cal. Educ. Code § 220. The Court allowed Ms. Earl's 42 U.S.C. § 2000d and ADA claims to proceed.

On April 3, 2012, Fresno Unified filed a motion to dismiss for defective service, pursuant to Fed. R. Civ. P. 4, and a motion to dismiss for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). This Court granted Fresno Unified's motion to dismiss on May 8, 2012, but granted Ms. Earl leave to amend. In the Court's Order on Motions to Dismiss ("MTD Order"), this Court made clear:

> Ms. Earl shall have one opportunity to amend her complaint. Any such amended complaint is due within thirty (30) days of electronic service of this order. This Court is beyond busy. Amend only if the facts as alleged exist and the law cited herein is followed.

MTD Order, p. 11.

Ms. Earl filed her first amended complaint on May 21, 2012. In her FAC, she asserts the following claims:

1. Violation of 42 U.S.C. §2000d;
2. Violation of 42 U.S.C. §2000e(2);
3. Violation of 42 U.S.C. §2000e(3);
4. Violation of 42 U.S.C. §12112(b)(2)(3)(A) and Executive Order 11246 of the Americans with Disabilities Act;
5. Violation of 20 U.S.C. §§1681(a), 1681(9)(b)(c), 1687(2)(b), and Executive Order 11375;
6. Violation of California Public Contract Code §§10115-1115.2.

Fresno Unified moved to dismiss the FAC on June 11, 2012 and June 13, 2012. Ms. Earl opposed the motion on June 20, 2012. Fresno Unified filed a reply on July 3, 2012. This Court found this motion suitable for a decision without a hearing, vacated the hearing pursuant to Local Rule 230(g), and issues the following order.

**STANDARD OF REVIEW**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. A Fed. R. Civ. P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens,* 546 F.3d 580, 588 (9th Cir. 2008).

To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Thus, "bare assertions...amount[ing] to nothing more than a 'formulaic recitation of the elements'...are not entitled to be assumed true." *Iqbal*, 129 S. Ct. at 1951. A court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 764, 767 (8th Cir. 2003) (citation omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). In practice, "a complaint . . . must contain either

direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). To the extent that the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Where the plaintiff is pro se, the Court has an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, a pro se plaintiff must still allege facts sufficient to allow a reviewing court to determine that a claim has been stated. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

With these standards in mind, this Court turns to Fresno Unified's challenges to the allegations in Ms. Earl's FAC.

## DISCUSSION

**A.    Ms. Earl's 42 U.S.C. § 2000d claim**

**1. Failure to State a Claim under a "Respondeat Superior" Theory of Liability**

Fresno Unified argues that Ms. Earl has failed to state a claim under 42 U.S.C. § 2000d (Title VI) because Fresno Unified cannot be held liable under 42 U.S.C. § 2000d for the acts of its employees. This Court previously dismissed Ms. Earl's Title VI claim against Fresno Unified, ruling that a "theory of vicarious liability is not viable under Title VI, just as such a theory is not viable under Title IX." MTD Order, p. 7. To be clear, a theory of vicarious liability is not wholly inapplicable to a Title VI claim; however, it is not applicable under the circumstances of this case. *See, e.g., Mansourian v. Regents of the Univ. of Cal.*, 602 F.3d 957, 968 (9th Cir. 2010) (discussing limits of applicability of vicarious liability in discrimination, harassment, and retaliation cases). In her FAC, Ms. Earl alleges that Fresno Unified's athletic directors who served on the 2010 sports officiating contract selection committee and who were Fresno Unified's employees discriminated against her by not selecting her for the sports officiating contract. She again impermissibly seeks to hold Fresno Unified responsible for the alleged acts of its employees without any allegations that Fresno Unified knew of the actions of its sports

directors or that the decision was a direct action of Fresno Unified.  Moreover, there are no facts to suggest that San Joaquin is the employee of Fresno Unified.  It is an independent contractor, according to the FAC.  Because Fresno Unified cannot be held vicariously liable under Title VI for the acts of its employees in this context, Ms. Earl's 42 U.S.C. § 2000d claim against Fresno Unified is dismissed.  In addition, because there are no facts that could cure this defect, this claim is dismissed with prejudice.

**2. Failure to Allege Sufficient Facts**

Fresno Unified contends that Ms. Earl has failed to state a claim under 42 U.S.C. § 2000d (Title VI) because she has failed to allege facts to show that Fresno Unified engaged in racial discrimination. Fresno Unified points out that although Ms. Earl was not awarded a sports officiating contract she fails to explain how Fresno Unified discriminated against her in not awarding her a contract and fails to allege that she submitted a contract bid during the limitations period.

Title VI provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. "To state a claim for damages under 42 U.S.C. § 2000d *et seq.*, a plaintiff must allege that (1) the entity involved is engaging in racial discrimination; and (2) the entity involved is receiving federal financial assistance." *Fobbs v. Holy Cross Health Sys. Corp.* 29 F.3d 1439, 1447 (9th Cir. 1994) (citations omitted), *overruled on other grounds by Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131 (9th Cir. 2001).

Ms. Earl alleges that she was prevented from competing for the 2010/2011 school year contract because Fresno Unified did not accept bids for the 2010/2011 school year and instead awarded the officiating services contract to its current contractor, an entity that is operated by Caucasians.  Although Fresno Unified chose not to accept bids for the 2010/2011 school year, Ms. Earl has failed to allege facts to show that Fresno Unified did not open the bidding process in order to prevent her from submitting a bid because of her race.  In addition, her allegation that the contract was awarded to a non-African American contractor in insufficient to support her claim.  As this Court ruled previously, the "mere fact that Fresno Unified awarded the contract to a non-African American does not show that Fresno Unified engaged in racial discrimination." MTD Order, p. 8.  Although Ms. Earl need only plead a short and

1  plain statement of her claim, and although this Court must construe her complaint liberally in her favor,
2  Ms. Earl's complaint must allege some facts to support her intentional racial discrimination claim. Her
3  FAC fails to allege those facts. Accordingly, this Court grants Fresno Unified's motion to dismiss Ms.
4  Earl's first cause of action. In addition, because Ms. Earl was given one opportunity to allege sufficient
5  facts to cure this defect, and failed, this Court dismisses this cause of action with prejudice.

**B.     Ms. Earl's 42 U.S.C. §§2000e-2, 2000e-3, and ADA claims**

In her second and third causes of action, Ms. Earl asserts claims pursuant to Title VII. Title VII forbids an employer from discriminating against its employees on the basis of certain of the employees' personal characteristics. 42 U.S.C. §2000e-2 (race, color, religion, sex, or national origin). Title VII also protects employees from retaliation against former and current employees. 42 U.S.C. §2000e-3. Title VII only protects employees, not independent contractors. *Adcock v. Chrysler Corp.*, 166 F.3d 1290, 1292 (9th Cir. 1999). Thus, Ms. Earl is "entitled to the protections of Title VII only is she is an employee" of Fresno Unified. *Murray v. Principal Fin. Group, Inc.*, 613 F.3d 943, 944 (9th Cir. 2010).

Ms. Earl alleges that she was an employee of Fresno Unified in February 1986. In 1989, after rehabilitating from a debilitating muscle disease, Ms. Earl "built up her own soccer officiating organization." FAC, ¶9a. At all times relevant to her current claims, Ms. Earl undisputedly was not an employee of Fresno Unified. She does not allege that she was an employee, but makes clear that she was discriminated against because her independent business was not given a contract by Fresno Unified. In her opposition, Ms. Earl does not dispute that she was not an employee.

Because Ms. Earl does not allege that she was an employee of Fresno Unified, her Title VII claims fail. *See Murray*, 613 F.3d at 944. Accordingly, her second and third causes of action must be dismissed.

Similarly, Ms. Earl has failed to state a claim under Title I of the ADA, 42 U.S.C. § 12112, because the ADA protects employees, not independent contractors. "The ADA prohibits an employer from discriminating 'against a qualified individual with a disability because of the disability.'" *Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999) (citing 42 U.S.C. § 12112(a)). "Title I [of the ADA] covers all aspects of the employer-employee relationship . . . it does not cover other relationships, which are addressed elsewhere in the ADA." *Fleming v. Yuma Regional Medical Center*,

7

587 F.3d 938, 942 (9th Cir. 2009).  Thus, Title I of the ADA "protects employees, the Act does not protect independent contractors." *Wojewski v. Rapid City Regional Hosp., Inc.*, 450 F.3d 338, 342 (8th Cir. 2006) (internal quotation marks and citations omitted).

As set forth above, Ms. Earl alleges that she hoped to obtain a Fresno Unified contract for her sports officiating business but was denied the ability to bid for the contract because Fresno Unified chose not to open the bidding process.  Ms. Earl does not allege that she was employed or attempted to gain employment with Fresno Unified.  Consequently, Ms. Earl has failed to state a claim under Title I of the ADA, 42 U.S.C. § 12112(a).

Ms. Earl argues that she is entitled to ADA protection because she is not relying on a statue that provides rights for an employee.  Rather, she is relying on a provision of the AD which protects a person who is "participating in a contractual or other arrangement or relationship that has the effect of subjecting a covered entity's qualified applicant or employee with a disability to the discrimination prohibited by" the ADA. 42 U.S.C. §12112(b)(2).  She further asserts that she states an ADA claim because Fresno Unified is "utilizing standards, criteria, or methods of administration that have the effect of discrimination on the basis of disability[.]" 42 U.S.C. §12112(b)(3).  Ms. Earl misunderstands these passages of the ADA, which are pulled out of context of the statutory scheme.

The ADA prohibits discrimination against "qualified individuals" and actions against "employees" concerning the "terms and conditions of employment." 42 U.S.C. §12112(a).  For purposes of the ADA, a "qualified individual" is defined as "an individual which a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. §12111(8).  "Thus, one must be able to perform the essential functions of employment at the time that one is discriminated against in order to bring suit under Title I." *Weyer v. Twentieth Century Fox Film Corp*., 198 F.3d 1104, 1111 (9th Cir. 2000).  Pursuant to this statutory definition and Ms. Earl's allegations, Ms. Earl is not a "qualified individual" pursuant to the ADA, because she was not an employee and was not seeking employment.  She was seeking to gain an contract for her business.  Accordingly, Ms. Earl's fourth cause of action must be dismissed.  As set forth above, because Ms. Earl was unable to cure the deficiency of this cause of action, her claim is dismissed with prejudice.

**E.     Ms. Earl's claim pursuant to 20 U.S.C. §§§1681, 1683, and 1687**

In her fifth cause of action, Ms. Earl asserts a claim pursuant to 20 U.S.C. §§§1681, 1683, and 1687. These statutes fall within Title IX, which provides, in pertinent part that "no person...shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. §1681(a). In this context, Fresno Unified can be held liable for its direct discriminatory actions and can be held vicariously liable if it had advanced notice of the actions and failed to take steps to prevent further discriminatory behavior. *See, e.g., Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 182 (2005). In this context, however, and as discussed more fully above, Ms. Earl fails state a claim against Fresno Unified. Ms. Earl fails to allege that Fresno Unified took direct action to discriminate against her (i.e., that it was a board decision or action). Instead, she alleges that Fresno Unified employees discriminated against her and seeks to hold Fresno Unified liable. There are no allegations, however, that Fresno Unified knew of the alleged discriminatory practices of its employees or that it failed to take action to protect Ms. Earl from discrimination. Moreover, Ms. Earl fails to allege facts to support her claim that she was discriminated against based on her gender. For these reasons, Ms. Earl's Title IX cause of action fails.

**F.     Ms. Earl's Public Contract Code claim**

California's Public Contract Code requires that state contracts have "participation goals" of at least 15% minority, 5% women, and 3% disabled veteran enterprises. California Public Contract Code §10115(c). A state agency making a contract award is required to award the contract to the low bidder "meeting or making good faith efforts to meet these goals[.]" *Id*.; Cal. Public Contract Code §10115.2(a). Ms. Earl alleges that Fresno Unified violated California's Public Contract Code by failing to hire her enterprise, that is controlled by both a minority and woman.

Fresno Unified argues that Ms. Earl's California Public Contract Code claim must be dismissed on a number of grounds. First, Fresno Unified argues that it is immune from this claim in federal court as a sovereign arm of the State, pursuant to the 11th Amendment to the United States Constitution. Second, Fresno Unified further argues that this claim is barred based on the "discretionary act" immunity, pursuant to California Government Code §§815.2 and 820.2. Third, Fresno Unified argues

that Ms. Earl's claim is barred to the extent that her claims are based on actions prior to February 2011, based on the applicable statute of limitations. Fourth, Fresno Unified submits that California's Public Contract Code does not apply to Fresno Unified. Finally, Fresno Unified argues that to the extent Ms. Earl may pursue this cause of action against it, she has failed to state a claim.

The only claim remaining is her sixth cause of action based on the California Public Contract Code. Pursuant to 28 U.S.C. §1367(c), this Court:

> may decline to exercise supplemental jurisdiction over a [state law] claim if(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

*Id*. The exercise of pendent jurisdiction is a matter of discretion, and depends on a number of factors including: (1) the circumstances of a particular case, (2) the nature of the state law claims, (3) the character of the governing state law, and (4) the relationship between the state and federal claims. *City of Chicago v. International College of Surgeons*, 522 U.S. 156 (1997). This Court may also consider judicial economy, convenience, fairness, and comity. *Id.*

This Court has dismissed all of the federal claims asserted by Ms. Earl against Fresno Unified with prejudice. The remaining state law claim is not associated with the federal discrimination claims. It is based solely on an act and operation of state law over how the state awards its contracts. The state law claim is between the arm of the state and a potential independent contractor. Based on the nature of the state law claim and the character of the governing state law, and in the interest of comity, the resolution of this claim is best left to the state court, which is in a better position to analyze the merits of Ms. Earl's position. This claim presents no issues of federal interest. Moreover, considering judicial economy, this overburdened Court finds that the state courts are in a better position to consider this state law claim. For these reasons, this Court declines to exercise pendent jurisdiction over this state law claim.

"When federal claims are dismissed before trial...pendant state claims also should be dismissed." *Relgious Tech. Ctr. v. Wollersheim,* 971 F.2d 364, 367-68 (9th Cir. 1992). This Court shall dismiss without prejudice Ms. Earl's sixth cause of action based on the California Public Contract Code. *See Brown v. Lucky Stores, Inc*., 246 F.3d 1182, 1189 (9th Cir. 2001) (recognizing the propriety of

dismissing supplemental state law claims without prejudice when the district court has dismissed the federal claims over which it had original jurisdiction). Accordingly, Ms. Earl's sixth cause of action is dismissed without prejudice. Ms. Earl may pursue this claim in the state court.

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court:

1. DISMISSES with prejudice Ms. Earl's first through fifth causes of action;
2. DISMISSES without prejudice Ms. Earl's sixth cause of action. Ms. Earl must pursue this claim in a state court, but may not re-file this claim in federal court; and
3. DIRECTS the clerk of court to close this action.

IT IS SO ORDERED.

**Dated:      July 9, 2012**                               /s/ Lawrence J. O'Neill
                                                    UNITED STATES DISTRICT JUDGE